UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. SA:14–CR–826(1)–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ANTHONY P. SERTICH, JR., M.D., | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE
SUPERSEDING INDICTMENT

Before the Court is a Motion to Dismiss the Superseding Indictment filed by Defendant Anthony P. Sertich, Jr., M.D. ("Defendant"). (Dkt. # 29.) On May 15, 2015, the Court heard oral argument on the Motion. William R. Harris, Esq., appeared at the hearing on behalf of Plaintiff United States of America ("the Government"); Charles J. Muller, III, Esq., and Alan Brown, Esq., appeared at the hearing on behalf of Defendant. After reviewing the Motion and the supporting and opposing memoranda, and considering the parties' arguments at the hearing, the Court **DENIES** Defendant's Motion to Dismiss the Superseding Indictment. (Dkt. # 29.)

1

BACKGROUND

On October 15, 2014, a grand jury returned an eleven-count indictment against Defendant ("the Original Indictment").  (Dkt. # 1.)  Counts One through Ten of the Indictment charged Defendant with Failure to Collect and Pay Over Withholding Taxes in violation of 26 U.S.C. § 7202.  (Id.)  Count Eleven charged Defendant with Tax Evasion in violation of 26 U.S.C. § 7201.  (Id.)  On November 25, 2014, Defendant filed a Motion to Dismiss the Indictment, arguing that the Original Indictment should have been dismissed on four grounds: (1) duplicity, (2) failure to provide fair notice, (3) multiplicity, and (4) the presentation of irrelevant and fundamentally misleading information to the Grand Jurors.  (Dkt. # 14.)  Before the Court heard oral argument on the Motion, Defendant filed an Unopposed Motion to Continue All Settings, including the Motion hearing.  (Dkt. # 22.)

On April 1, 2014, a grand jury returned an eleven-count superseding indictment against Defendant ("the Superseding Indictment").  (Dkt. # 25.)  Counts One through Ten of the Superseding Indictment charge Defendant with Failure to Collect and Pay Over Withholding Taxes in violation of 26 U.S.C. § 7202.  (Id.)  Count Eleven charges Defendant with Tax Evasion in violation of 26 U.S.C. § 7201.  (Id.)

As to Counts One through Ten, the Superseding Indictment alleges that between October 2008 and February 2011, Defendant withheld from employee paychecks but willfully failed to truthfully account for and pay over to the Internal Revenue Service ("IRS") all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of the Advanced Artistic Facial Plastic Surgery of Texas, P.A. ("AAFPST") and its employees. (Id. at 3.)

As to Count Eleven, the Superseding Indictment alleges that between 2002 and 2010, Defendant accrued $2,927,366.45 in unpaid payroll taxes, including the employer's portion of payroll taxes plus penalties and interest, for AAFPST and South Texas Otorhinolaryngology, P.A. ("STO"). (Id. at 4.) The Superseding Indictment further alleges that Defendant willfully attempted to evade and defeat the payment of a large part of the payroll taxes, penalties, and interest due and owing by Defendant, AAFPST and STO by paying employee wages with cashier's checks; by causing false W-2 forms to be prepared, including his own W-2 form, showing withholding amounts Defendant knew had not been paid over to the IRS; by paying himself millions of dollars in salary, which in turn paid for personal expenses such as mortgage and interest payments, real estate tax payments, and alimony payments; and by filing one corporate and four personal bankruptcy petitions. (Id. at 4–5.)

On April 10, 2015, Defendant filed the instant Motion to Dismiss the Superseding Indictment. (Dkt. # 29.) On April 24, 2014, the Government filed a Response. (Dkt. # 35.) On April 27, 2015, Defendant filed a Reply. (Dkt. # 36.)

## LEGAL STANDARD

A constitutionally sufficient indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1); United States v. Ratcliff, 488 F.3d 639, 643 (5th Cir. 2007). When reviewing the sufficiency of an indictment, courts do not ask whether the indictment could have been better drafted, but whether it conforms to "minimal constitutional standards." United States v. Gonzalez, 436 F.3d 560, 569 (5th Cir. 2006). These standards are met where the indictment "alleges every element of the crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." Id. (quoting United States v. Bieganowski, 313 F.3d 264, 285 (5th Cir. 2002)). Finally, courts bear in mind that "an indictment's validity depends on practical, not technical, considerations." Id.

## DISCUSSION

Defendant moves to dismiss the Superseding Indictment on the grounds that Count 11 is duplicitous and fails to provide fair notice. (Dkt. # 29 at

1.)  An indictment is duplicitous when two or more distinct and separate offenses are joined in a single count.  United States v. Caldwell, 302 F.3d 399, 407 (5th Cir. 2002).  In determining whether an indictment is duplicitous, the inquiry is whether the indictment can be read to charge only one violation in each count.  Id.

   Count Eleven charges the Defendant with the crime of tax evasion in violation of 26 U.S.C. § 7201.  (Dkt. # 25 at 4.)  That section makes it a crime to "willfully attempt[] in any manner to evade or defeat any tax imposed by this title or the payment thereof."  26 U.S.C. § 7201.  The elements of tax evasion under § 7201 are: (1) the existence of a tax deficiency, (2) willfulness, and (3) an affirmative act constituting evasion or attempted evasion of the tax.  United States v. Bishop, 264 F.3d 535, 545 (5th Cir. 2001).

   Specifically, the Superseding Indictment alleges that Defendant "willfully attempt[ed] to evade and defeat the payment of . . . taxes" by paying employee wages with cashier's checks; by causing false W-2 forms to be prepared, including his own W-2 form, showing withholding amounts that Defendant knew had not been paid over to the IRS; by paying himself millions of dollars in salary which in turn paid for personal expenses such as mortgage and interest payments, real estate tax payments, and alimony payments; and by filing one corporate and four personal bankruptcy petitions.  (Dkt. # 25 at 4–5.)  Defendant contends that

each of these acts constitutes a separate attempt to evade taxation, and as such, must have been charged in a separate count.  (Dkt. # 29 at 4.)

Defendant argues that the crime of attempted tax evasion is "an independent crime, complete in its most serious form when the attempt is complete."  (Dkt. # 29 at 2, quoting Spies v. United States, 317 U.S. 492, 498–99 (1943).)  Defendant cites two cases in support of his position.  The first case, Spies v. United States, discussed the difference between the felony offense of willful attempt to evade taxation and the misdemeanor offense of willful failure to pay tax when due.  317 U.S. at 497–99.  The Supreme Court concluded that the difference "is found in the affirmative action implied from the term 'attempt'"; the language quoted by Defendant simply distinguishes attempted tax evasion from the common law concept of attempt.  The former, the Supreme Court stated, is complete "when the attempt is complete and nothing is added to its criminality by success or consummation, as would be the case, say, of attempted murder."  Id. at 498–99.  Despite Defendant's selective quoting, the case does not stand for the proposition that each action undertaken in the course of evading taxation is a separate crime, as that issue was not before the Court.

Defendant next cites United States v. Beacon Brass Co., 344 U.S. 43, 45–46 (1952) for the same proposition.  In that case, the Supreme Court considered the question of whether, "by enacting a statute specifically outlawing all false

6

statements in matters under the jurisdiction of agencies of the United States," Congress intended that the making of false statements could not be punishable under the tax evasion statute. Id. at 46. The Court concluded that Congress did not intend for false statements to be dealt with differently than other methods of tax evasion, and that making false statements could be punishable under the tax statute. Id. Like Spies, this case does not articulate a rule that each action undertaken in the course of evading taxation constitutes a separate violation of the tax evasion statute, as it dealt with a wholly separate issue.

Defendant also cites Bins v. United States, 331 F.2d 390 (5th Cir. 1964), and Federal Rule of Criminal Procedure 8(a) for the general proposition that each act must be charged in a separate count. (Dkt. # 29 at 3.) In Bins, the appellant was convicted of three counts of making false statements to the Federal Housing Administration in violation of 18 U.S.C. §§ 1001 and 1010. 331 F.2d at 392. The appellant argued that counts one and two of the indictment were fatally defective because they charged at least two offenses in violation of Rule 8(a). Id. Count one of the indictment charged the appellant with making false statements in F.H.A. Form 2004G and F.H.A. Form 2004C in December 1960, while count two charged the appellant with making false statements in F.H.A. Form 2004G and F.H.A. Form 2004C in June/July 1960. Id. at 392–93. The Fifth Circuit found that counts one and two were duplicitous because execution of each document was a

"separate and distinct prohibited act," and "[t]he filing of each false document would constitute a crime." Id. at 393. The Court finds this case inapplicable to the case at bar, because it deals with a different crime and a different statute than those at issue here. Thus, the Court is not persuaded by Defendant's arguments or authority. Rather, for the reasons that follow, the Court finds that the Superseding Indictment is not duplicitous.

First, Federal Rule of Criminal Procedure 7(c)(1) provides that "[i]t may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means." Fed. R. Crim. P. 7(c)(1) (emphasis added). "This rule necessarily contemplates that two or more acts, each one of which would constitute an offense standing alone, may be joined in a single count without offending the rule against duplicity." United States v. Berardi, 675 F.2d 894, 898 (7th Cir. 1982).

Second, the Fifth Circuit distinguishes between "acts" and "offenses" for the purposes of assessing duplicity: more than one "act" may be included within a single count of the indictment if the acts represent a single, continuing scheme and (1) the indictment adequately notifies the defendant of the charges pending; (2) does not subject the defendant to double jeopardy; (3) does not permit prejudicial evidentiary rulings at trial; and (4) does not allow the defendants to be convicted by a single, non-unanimous verdict. United States v. Sharpe, 193 F.3d

8

852, 870 (5th Cir. 1999). The Fifth Circuit has recognized that a "wide range of conduct can support a finding of willful attempt to evade taxation."[1]  Bishop, 264 F.3d at 550.

In this case, Count Eleven of the Superseding Indictment charges that Defendant committed a series of acts in the course of evading taxation. Where a defendant commits a series of acts as part of an ongoing endeavor to evade the law, those acts constitute a "single, continuing scheme." Sharpe, 193 F.3d at 870. Indeed, multiple acts committed in the course of evading taxation are routinely charged under the same count. See, e.g., Bishop, 264 F.3d at 545 (finding indictment legally sufficient where it charged the defendant with violating § 7201 by failing to file a timely tax return, causing false and misleading books to be created, providing incomplete or misleading information to his tax preparer, concealing information likely to alert the IRS to unreported income, and other affirmative acts of evasion); United States v. Masat, 896 F.2d 88, 91 (finding

---

[1] Such conduct may include:
> [K]eeping a double set of books, making false entries or alterations, creating false invoices or documents, destroying books or records, concealing assets or covering up sources of income, handling one's affairs to avoid making the records normally accompanying transactions of a particular kind, any conduct likely to mislead or conceal, holding assets in others' names, providing false explanations, giving inconsistent statements to government agents, failing to report a substantial amount of income, a consistent pattern of underreporting large amounts of income, or spending large amounts of cash that cannot be reconciled with the amount of reported income.

Bishop, 264 F.3d at 550.

indictment was not duplicitous where defendant was charged with three counts of tax evasion for the years 1979, 1980, and 1981, respectively, and the indictment alleged various acts committed toward that end, including failing to file tax returns, transferring assets, and filing false W-4 forms).  The Court finds that the acts outlined in the Superseding Indictment constitute a "single, continuing scheme" to evade taxation; the Superseding Indictment alleges that Defendant committed these acts over a period of time for the purpose of evading the payment of payroll taxes, as permitted by Rule 7(c).

II.     Failure to Provide Notice

Defendant also argues that because the Government has alleged "a litany of vaguely described acts" in Count Eleven, the Superseding Indictment does not provide Defendant with fair notice sufficient to permit him to prepare for trial.  (Dkt. # 29 at 3.)  A series of acts constituting a "single, continuing scheme" can only be included in a single count if the indictment provides the defendant with adequate warning of the charges pending.  See Sharpe, 193 F.3d at 870.  An indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  "[A] constitutionally sufficient indictment 'fairly informs' the defendant of the charge that he or she faces and is precise enough to preclude the risk that the defendant may be prosecuted for the same offense in the future."  Caldwell, 302 F.3d at 410

(citing United States v. Alford, 999 F.2d 818, 823 (5th Cir. 1999)). The Superseding Indictment clearly lays out specific acts the Government intends to put at issue at trial, and gives Defendant adequate warning of the actions underlying Count Eleven. The Court thus finds that the acts may properly be combined into a single count and the Indictment is not duplicitous.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Dismiss the Superseding Indictment. (Dkt. # 29.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, May 26, 2015.

_____
David Alan Ezra
Senior United States Distict Judge